RENDERED:  FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1193-ME

ADEL M. CHOUK                                                            APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE TRACI H. BRISLIN, JUDGE
ACTION NO. 22-D-00860-001

AMIRA N. CHOUK AND DANIEL J.
CAMERON, KENTUCKY
ATTORNEY GENERAL                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND JONES, JUDGES.

DIXON, JUDGE:  Adel M. Chouk appeals the domestic violence order (DVO) entered by the Fayette Circuit Court on September 8, 2022.  After careful review of the record, brief, and law, we affirm.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

On July 2, 2022, Amira N. Chouk petitioned the Fayette Circuit Court for a DVO against Adel, her father. Her petition was granted on September 8, 2022, following a hearing. In addition to restraining Adel from contact with Amira, the resulting DVO provided that he was not to possess, purchase, or attempt to possess, purchase, or obtain a firearm during the duration of the order. Adel timely filed a notice of appeal.

**LEGAL ANALYSIS**

A court may grant a DVO if, following a hearing, it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS[1] 403.740(1). Adel does not challenge the entry of the DVO; rather, the sole issue raised on appeal is that 18 U.S.C.[2] § 922(g)(8) violates his rights pursuant to the Second Amendment to the United States Constitution. As we conclude this issue is not properly before this Court, we do not reach the merits of Adel's contention.

Adel asserts the DVO expressly relied on 18 U.S.C. § 922 (2022),[3] a federal criminal statute, to restrict his right to possess a firearm; however, this is

---

[1] Kentucky Revised Statutes.

[2] United States Code.

[3] 18 U.S.C. § 922(g)(8) instructs it is unlawful for a person who is subject to an order that:

incorrect. Though the approved AOC-275.3 form DVO includes two general warnings that a respondent's possession of a firearm while the order is in effect may constitute a federal violation and could result in penalties federally, the court did not apply the disputed statute. Plainly, Adel was not charged with or convicted of violating federal law. Further, pursuant to KRS 403.740(1)(c), a court may issue a DVO "[d]irecting or prohibiting any other actions that [it] believes will be of assistance in eliminating future acts of domestic violence and abuse[,]" and this

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[,]
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Violators "shall be fined[,] imprisoned for not more than 15 years, or both." 18 U.S.C. § 924(a)(8).

There is no equivalent Kentucky statute.

Court has previously opined that this general authorization is sufficiently broad to include restraining a respondent from possessing firearms. *See Boyle v. Boyle*, No. 2013-CA-000416-ME, 2014 WL 7205670 (Ky. App. Dec. 19, 2014).

As the court did not rely on 18 U.S.C. § 922 for its entry of the terms of the DVO, Adel's constitutional claim arising thereunder is not ripe for our review, and consequently, we are precluded from ruling on the merits thereof. *See Berger Family Real Estate, LLC v. City of Covington*, 464 S.W.3d 160, 166 (Ky. App. 2015).

## CONCLUSION

Therefore, and for the foregoing reasons, the judgment of the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO APPELLEE BRIEF FILED.

David R. Marshall
Lexington, Kentucky

-4-